IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

GLENN HILL,

               Plaintiff,

v.                                                 Civil Action No. 3:13-cv-00496-JAG

ALSTOM POWER, INC.,

               Defendant.

## MEMORANDUM OPINION

This matter comes before the Court on the defendant's motion to dismiss. (Dk. No. 5) The case concerns the defendant's termination of the plaintiff's employment, and a subsequent alleged promise by the defendant to find alternate employment for the plaintiff in exchange for the plaintiff's submission of a letter of resignation. The complaint asserts two causes of action, both relating to the defendant's alleged promise. Count One asserts a breach of (oral) contract, and Count Two, a claim of actual fraud. The defendant moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

The Court will DENY the defendant's motion to dismiss Count One, as the plaintiff alleges facts sufficient to support his asserted cause of action. The Court will GRANT the defendant's motion to dismiss Count Two, as the plaintiff fails to plead fraud with sufficient specificity. The Court GRANTS the defendant's motion to dismiss the plaintiff's request for punitive damages, because punitive damages are not generally available in contract cases. The Court GRANTS the defendant's motion to dismiss the plaintiff's request for attorney's fees; the plaintiff provides no statutory or contractual provision that would entitle him to such. Finally, the Court GRANTS the motion to dismiss the plaintiff's request for specific performance; the

plaintiff makes no attempt to refute the defendant's argument that such a remedy is legally barred. The Court GRANTS the plaintiff 14 days from the entry of the accompanying order to file an amended complaint.

## I. STANDARD OF REVIEW

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) tests the sufficiency of a claim and "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). When considering a motion to dismiss, the Court must accept all the complainant's factual allegations as true and resolve factual differences in that party's favor. *See De Sole v. United States*, 947 F.2d 1169, 1171 (4th Cir. 1991). Nevertheless, the Court need not accept the complainant's legal conclusions or any other unreasonable or unwarranted arguments as true. *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008); *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). In addition, the complainant must offer more than "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" to overcome a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. v. Twombly*, 550 U.S. 544, 555 (2007)); *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255–56 (4th Cir. 2009).

## II. STATEMENT OF FACTS

Beginning in 2006, the plaintiff ("Hill") worked for the defendant ("Alstom"), the North American subsidiary of a French multi-national corporation, out of Alstom's Richmond office. In February 2010, Hill moved to China for a new assignment (with Alstom) as the General Manager for the Wuhan Boiler Company ("WBC"). Alstom owned 51 percent of the WBC. At all times during his employment with Alstom, and under the express terms of his 2010

2

assignment to the WBC, Hill was an at-will Alstom employee.

Eight months after his arrival in China, a vice president of the WBC's Board of Directors notified Hill that his position would be terminated as a result of an upcoming joint venture with another power company, and that Hill would correspondingly be replaced in September of 2011. Following this notification, Hill asked Alstom management if there were any positions that he qualified for available elsewhere in Asia. Alstom told Hill to return to the United States, and await a new assignment there. Hill alleges that "senior managers" in Alstom told him that such positions were, in fact, available.

Hill claims that on September 9, 2011, he signed a written letter of resignation, prepared by Alstom, in exchange for a "verbal promise" from Alstom that it would find another assignment for him. In October 2011, Hill returned to the United States. He worked in Alstom's Richmond office until December 2011, at which point Alstom informed him that the company did not have an available position for him, and asked Hill to consider a severance package. A lengthy negotiation process ensued, culminating in Hill's termination in (apparently) April 2012.

### III. DISCUSSION

Hill's complaint advances two claims. In Count One, Hill asserts that he signed Alstom's proffered letter of resignation in consideration for Alstom's previous oral promise to find Hill alternative employment within that company. Hill relies upon the same facts to support Count Two, asserting that Alstom's promise to "undertake efforts to find him another position after his resignation" constituted a misrepresentation of material fact, and that Hill relied on this misrepresentation to his detriment by signing the letter of resignation. The defendant brings his motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), arguing that the plaintiff's complaint fails to state a cognizable claim as to either count, and that the plaintiff's requested

relief is either likewise unsupported by factual allegations, or legally barred.

### A. Count One States a Plausible Claim

Although the Court has doubts about the validity of the contract claim, at this stage of the proceedings the Court tests only the *sufficiency* of Hill's claims and "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C.*, 980 F.2d at 952.

Count One alleges a breach of an oral contract. Virginia contract law requires the standard elements of offer, acceptance, and consideration for the formation of a valid contract. *See Legal Servs. Corp. v. Client Centered Legal Servs. of Sw. Virginia, Inc.*, 217 F. Supp. 2d 706, 712 (W.D. Va. 2002) *aff'd*, 78 F. App'x 871 (4th Cir. 2003). The complaint meets this basic framework: Hill asserts that Alstom offered to find him alternate employment within the company in exchange for Hill's signature and that he accepted the offer by signing the letter. Hills' written resignation constitutes valuable consideration to Alstom. A written resignation can assist an employer by lessening the required documentation in the employee's personnel file, by providing evidence to rebut claims for unemployment compensation, and by helping to prevent discrimination suits. Since Hill alleges plausible facts that satisfy the elements of a cause of action for breach of contract, the Court denies the motion to dismiss Count I.

### B. Count Two Fails for Lack of Specificity

To establish a prima facie case of actual fraud, Hill must show that Alstom made (1) a false representation, (2) of a material fact, (3) intentionally and knowingly, (4) with the intent to mislead, and that (5) Hill relied upon that representation to his detriment, (6) suffering resultant damage. *See Richmond Metro. Auth. v. McDevitt St. Bovis, Inc.*, 256 Va. 553, 557-58 (1998).

Federal Rule of Civil Procedure 9(b) requires a plaintiff to plead fraud with specificity. The Rule says that "a party must state with particularity the circumstances constituting fraud . . . ." Fed. R. Civ. P. 9. Hill's claim of actual fraud does not detail who made the fraudulent statement, how Alstom communicated the statement, when the statement was made, or where it was made. The complaint also fails to state how Hill relied on the alleged promise *to his detriment*; after all, he had already lost his job and presumably had to move back to the United States. The alleged fraud changed none of these facts.[1]

Since the pleading does not meet the requirements of Rule 9(b), the Court will dismiss Count II.

### C. Requested Relief

*1. Punitive Damages*

Under Virginia law, a plaintiff may not generally recover punitive damages for a breach of contract. *Kamlar Corp. v. Haley*, 224 Va. 699, 707, 299 S.E.2d 514, 518 (1983) ("We . . . . requir[e] proof of an independent, wilful tort, beyond the mere breach of a duty imposed by contract, as a predicate for an award of punitive damages, regardless of the motives underlying the breach."). A plaintiff "seeking punitive damages should allege a wilful, independent tort *in a count separate* from that which alleges a breach of contract." *Id.* (emphasis added); *Tidewater Beverage Servs., Inc. v. Coca Cola Co., Inc.*, 907 F. Supp. 943, 948 (E.D. Va. 1995) (Punitive damages only recoverable upon a plaintiff's alleging and proving "that the defendant committed an independent tort." (citing *Kamlar Corp.*, 224 Va. at 707)).

---

[1] It appears from Hill's memorandum in opposition that he may be (belatedly) attempting to advance an alternate theory of constructive fraud. The only material difference between actual and constructive fraud concerns the mental state of the defendant; under either theory, Hill is still required to plead with particularity and to show that his reliance on Alstom's representations caused him a detriment. Hill does not do so.

5

Since the only count left in the complaint alleges a breach of contract, Hill may not recover punitive damages. The court must, therefore, dismiss the claim for punitive damages.[2]

### 2. Attorneys' Fees

Hill requests, in his prayer for relief, that the Court order Alstom to pay Hill's attorneys' fees associated with Count Two's fraud claim. Hill provides no explanation, however, as to *why* Hill should be entitled to such remedy. "Ordinarily, in the absence of a statutory or contractual provision to the contrary, attorneys' fees are not recoverable by the prevailing litigant." *Gilmore v. Basic Indus., Inc.*, 233 Va. 485, 490, 357 S.E.2d 514, 517 (1987) (citations omitted). Hill makes no attempt to distinguish *this* action from Virginia's default rule: he cites no case law, governing statutory provision, or relevant contractual agreement between the parties that might locate his request for relief "within the ambit of any exception" to Virginia's default rule. *Id.* The Court accordingly grants the defendant's motion to dismiss Hill's request for attorneys' fees.

### 3. Specific Performance

Virginia law forbids a court from imposing the remedy of specific performance in the context of a personal services contract. *See Fanney v. Virginia Inv. & Mortg. Corp.*, 200 Va. 642, 651, 107 S.E.2d 414, 421 (1959). The defendant raised this issue in its motion to dismiss. Hill provides no authority otherwise supporting his request; the Court will thus grant Alstom's motion to dismiss Hill's request for specific performance.

### CONCLUSION

For the reasons set forth above, the Court shall GRANT IN PART AND DENY IN PART the defendant's motion to dismiss for failure to state a claim pursuant to Federal Rule of

---

[2] The Court will grant the plaintiff the opportunity to file an amended complaint. If the amended pleading states a claim allowing punitive damages, the plaintiff may again demand punitive damages.

Civil Procedure 12(b)(6).

The Court shall enter an appropriate order.

Let the Clerk send a copy of this Memorandum Opinion to all counsel of record.

Date: December 6, 2012
Richmond, VA

/s/
John A. Gibney, Jr.
United States District Judge

7